UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| IAN R. BUENAVENTURA, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00089-NT |
| | ) | |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) | |
| | ) | |
|     Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff attempts to assert claims against multiple defendants. (Complaint, ECF No. 1.) Following a review of the complaint, I recommend the Court dismiss the matter. In addition, I recommend the Court impose filing restrictions on Plaintiff.

**DISCUSSION**

Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). "A district court may dismiss a complaint sua sponte, regardless of whether or not payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption." *Baldi v. Mueller*, No. 09-10320-DPW, 2010 WL 1172616, at *3 (D. Mass. Mar. 23, 2010); *see also, Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) ("frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. In

addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted); *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention").

A court's expeditious sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the legitimate federal issues are not substantial. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*, 36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question, however").[1]

---

[1] Although the doctrine has been criticized for conflating jurisdiction over a claim with the merits of that claim, *see e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (the maxim is "more ancient than analytically

Here, Plaintiff named as defendants the Executive Office of the President and the Secretary of Defense, along with ten John Does, ten Jane Does, ten unknown legal entities, ten unknown foreign nations, and the National Security Agency.  Plaintiff has not, however, alleged conduct attributable to the named defendants that would support an actionable claim against any of the named defendants.

As in his filings in the two dismissed cases (*see Estate of Mrs. Eva R. Buenaventura v. Executive Office of the President*, No. 2:23-cv-00325-JDL and *Jane Doe 3 v. Executive Office of the President*, No. 2:23-cv-00358-JDL), Plaintiff alleges various unlawful actions, including federal government surveillance, withholding of documents, tampering with electronic communications, deletion and planting of electronic files, terrorism, kidnapping, and racketeering.  The allegations are of the type that courts have declined to find credible and have found to be meritless and frivolous.  Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter.  In addition, because the Court has warned Plaintiff of the consequences of filing further frivolous claims (*see Estate of Mrs. Eva R. Buenaventura v. Executive Office of the*

---

sound"); *Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (regarding "wholly insubstantial and frivolous" claims, "[t]he accuracy of calling these dismissals jurisdictional has been questioned"), the doctrine nevertheless remains good law.  *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988) ("Although most of the Court's statements of the principle have been dicta rather than holdings, and the principle has been questioned, it is an established principle of federal jurisdiction and remains the federal rule.  It is the basis of a large number of lower-court decisions, and at this late date only the Supreme Court can change it") (internal quotations and citations omitted); *see also*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (approving of the doctrine); *Cruz v. House of Representatives*, 301 F. Supp. 3d 75, 77 (D.D.C. 2018) (applying the concept to dismiss obviously meritless claims).

*President*, No. 2:23-cv-00325-JDL (Order at 4-5, ECF No. 12) and *Jane Doe 3 v. Executive Office of the President*, No. 2:23-cv-00358-JDL (Order at 2-4, ECF No. 8)) and because Plaintiff asserts essentially the same frivolous claims in this action as in the two previously-dismissed actions, I recommend the Court impose filing restrictions on Plaintiff.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the district court sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of April, 2024.